E-FILED
Wednesday, 28 September, 2005  02:09:37 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Donahmi Hurt, | ) | |
|         Plaintiff | ) | |
| | ) | |
| | ) | Case No. 04-4070 |
| | ) | |
| R & T Enterprises, | ) | |
|         Defendant | ) | |

**ORDER**

Now before the court are: (1) the plaintiff's motion to compel (Doc. #14) and (2) the defendant's motion for protective order (Doc. #17); and (3) the defendant's motion for hearing (Doc. #18).

As this order resolves (1) and (2), there is no need for a hearing. The motion for hearing (Doc. #18) is therefore denied.

The motion to compel is allowed in part and denied in part, as stated below. The motion for protective order is duplicative of the response to the motion to compel. It too is granted in part and denied in part, as stated herein. If further protection is deemed necessary, defendant shall move for such protection and shall submit a proposed protective order.

Plaintiff's motion to compel and defendant's motion for protective order are each granted in part and denied in part, as follows:

1. defendant is to identify by name any and all employees who were employed during the period from January 1, 2002 through the date this lawsuit was filed, but only to the extent that those employees worked in the same department and in the

same job status (or "hand") as plaintiff worked during his tenure as an employee of defendant.

- For each of the identified employees, defendant is to produce information from their personnel files with respect to dates of hire and separation, evaluations, promotions, demotions, terminations, discipline, and other matters that are directly pertinent to this employment discrimination claim. Other matters contained in the personnel files need not be produced.

- Such production is subject to an "attorney's eyes only" restriction, as follows: plaintiff's counsel may not divulge, disclose or reveal in any manner any of the information contained within the documents to his client or to any other person nor may that material be discussed with his client or any other person unless that employee was "similarly situated" to the plaintiff, at which point plaintiff may depose such person and an appropriately designated corporate representative and may discuss within that context the documents disclosed. If the parties do not agree about the status of any identified employee as being "similarly situated, the plaintiff shall file a motion for an order from this court.

- The documents produced in compliance with this order may be redacted by defendant with respect to social security numbers, addresses, telephone numbers, marital status and dates of birth.

2. Defendant need not produce AT THIS TIME any corporate financial records, including tax records. Should this case proceed beyond summary judgment, defendant shall without further request from plaintiff produce the requested information.

3. With respect to plaintiff's request that defendant identify all employees who performed plaintiff's job duties after his discharge, defendant has responded that it is impossible to determine such, since plaintiff's position was a general position with duties performed by numerous employees at various times. Plaintiff may explore this issue with a corporate representative at deposition. Following that deposition

if plaintiff sees a need for more information, the matter may be raised in a subsequent request and/or motion with the court as appropriate.

4. With respect to photographs, plaintiff is entitled under certain circumstances to inspect and photograph defendant's premises, pursuant to Fed.R.Civ.P.34(a). Counsel shall cooperate in scheduling an appropriate inspection for that purpose. The inspection shall be limited to the work area in which plaintiff's job was performed and furthermore shall not include any areas or processes that defendant deems confidential or related to trade secrets, without further order from this court.

5. With respect to the inquiries relating to Robert Roberts and Robert Williams, plaintiff may obtain further information through their depositions and the deposition of appropriately designated corporate representatives. If further specific information is required following those depositions, plaintiff may seek such information by supplemental written discovery and/or by seeking a court order as appropriate.

Based on the pleadings, the court concludes that the other matters raised in the motion to compel have been resolved by defendant's supplemental disclosures.

ENTER this 28th day of September 2005.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE